**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

IN RE: AUTOMOTIVE PARTS
ANTITRUST LITIGATION                          MASTER FILE NO. 12-md-02311


_____

In Re: Wire Harness Cases                      HON. MARIANNE O. BATTANI


_____

THIS DOCUMENT RELATES TO:               2:12-cv-00100

All Cases
_____/

**OPINION AND ORDER DENYING KYUNGSHIN-LEAR'S AND LEAR**
**CORPORATION'S MOTIONS TO CERTIFY ORDER FOR**
**INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**
**AND FOR A STAY OF PROCEEDINGS PENDING APPEAL**

Before the Court are Defendant Lear Corporation's ("Lear") Motion to Certify

Order for Interlocutory Appeal According to 28 U.S.C. § 1292(b) and for a Stay of

Proceedings Pending Appeal (Case No. 12-00100, Doc. No. 142), and Defendant

Kyungshin-Lear Sales and Engineering, LLC's ("KL Sales") Motion to Certify Order for

Interlocutory Appeal According to 28 U.S.C. § 1292(b) and for a Stay of Proceedings

Pending Appeal (Case No. 12-00102, Doc. No. 110; Case No. 12-00103, Doc. No.

133).   The Court has reviewed all the relevant filings and finds oral argument will not

aid in the resolution of this dispute.  See E. D. Mich. LR 7.1(f)(2).  For the reasons that

follow, the motions are **DENIED**.

## I. PROCEDURAL BACKGROUND

KL Sales unsuccessfully moved for dismissal in the Indirect Purchaser Complaints.  In rejecting the arguments advanced in the motion, this Court reviewed the allegations relevant to KL Sales and the allegations regarding all Defendants, including status as co-conspirators  (Case No. 12-02311, Doc. No. 85 at ¶ 1, Doc. No. 174 at ¶ 1); the other Defendants' agreements with other manufacturers of wire harnesses and related products to fix prices and rig bids (Case No. 12-02311, Doc. No. 85 at ¶¶ 1, 5, Doc. No. 174 at ¶¶ 1, 5,7 94); the time frame of the conspiracy (Case No. 12-02311, Doc. No. 85 at ¶¶ 2, 245, Doc. No. 174 at ¶¶ 2, 221); market conditions conducive to collusion (Case No. 12-02311, Doc. No. 85 at ¶¶ 152-167, Doc. No. 174 at ¶¶ 151-163); and Lear's five percent market share (Case No. 12-02311, Doc. No. 85 at ¶¶ 146, 165, Doc. No. 174 at ¶¶ 147, 162).  The Court then "construe[d] the complaint in the light most favorable to the plaintiff[s], accept[ed] all factual allegations as true, and determine[d]" that Indirect Purchaser Plaintiffs included "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court concluded that the allegations rendered KP Sales' involvement in the conspiracy plausible when viewed in light of the allegations of  market conditions that show a concentration of market shares, high barriers to entry, and the capability of producing products for use in any vehicle, as well as opportunities to conspire at auto and industry trade.

The Court reached the same conclusion relative to Lear.  In addition to the allegations set forth above, the Court considered Lear's ownership of stock in a

2

separately incorporated entity owned in part by Defendant Furakawa, a market participant that pleaded guilty.

In support of their motions, KL Sales and Lear assert that the orders denying their motions for dismissal present a controlling question of law for which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of this litigation.  In addition Defendants ask for a stay of proceedings during the pendency of an appeal.

## II.  STANDARD OF REVIEW

At the outset, the Court observes that interlocutory appeals in the federal system generally are disfavored.  Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368 (1981). "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule."  Caterpillar v. Lewis, 519 U.S. 61, 74 (1996). Accordingly, a party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist warranting an interlocutory appeal.  W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis), 293 F.3d 345, 350 (6th Cir. 2002); Vitols v. Citizens Banking Co., 984 F.2d 168, 170 (6th Cir. 1993).

Under the statute:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its

3

discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C.A. § 1292(b) (West 2006).

## III.  ANALYSIS

The Court denied KL Sales and Lear's motions to dismiss, deeming the plaintiffs' complaints to have satisfied Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Accordingly, the complaints stated claims that were facially plausible.  Plausibility "requires showing more than the sheer possibility of relief but less than a probable entitlement to relief."  Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citations and internal quotation marks omitted).  In this case, KL Sales and Lear assert that interlocutory appeal is appropriate because there is a basis for disagreement as to the sufficiency of the allegations in the complaints linking them to conduct by others in the market.  KL Sales asserts that under Twombly, its behavior is ambiguous because it has not been investigated or even contacted by the Department of Justice; it merely is"a peripheral "outlier."  (Doc. No. 110 at 3).  Lear argues that the absence of any case law from this circuit addressing the particular facts presented to this Court–the import of guilty pleas by other defendants relative to defendants that have not pleaded guilty-- renders this matter ripe for interlocutory appeal.

The parties disagree as to whether a controlling and contestable legal issue is presented by the extension of Twombly to general allegations of conspiracy against a defendant who has not pleaded guilty or admitted wrongdoing when other defendants

4

have.  (See 12-00100, Doc. No. 142 at 1).  The Court finds the question presented is

legal in that the challenge is to the sufficiency of the allegations.  Accordingly, the Court

directs its attention to whether there is substantial ground for difference of opinion on

the Court's conclusion.

In the Sixth Circuit, the district courts have interpreted the "substantial ground for

difference of opinion. . .regarding the correctness of the decision" as meaning "(1) the

question is difficult, novel and either a question on which there is little precedent or one

whose correct resolution is not substantially guided by previous decisions; (2) the

question is difficult and of first impression; (3) a difference of opinion exists within the

controlling circuit; or (4) the circuits are split on the question."  In re Miedzianowski,

13-101, 2013 WL 4436545 (6th Cir. Aug. 20, 2013) (citing City of Dearborn v. Comcast

of Mich. III, Inc., No. 08-10156, 2008 WL 5084203, at *3 (E. D. Mich. Nov.24, 2008).

Lear contends that because it has not pleaded guilty nor been contacted by the

Department of Justice about antitrust violations, it differs significantly from other

Defendants in this case.  Lear characterizes the issue as one of first impression

because it is unaware of any case in the Sixth Circuit addressing this issue.  The Court

disagrees.

In reading the complaints as a whole, the Court concluded that the allegations

were sufficient to state a claim that KL Sales and Lear participated in a conspiracy "in

restrain of trade or commerce."  15 U.S.C. § 1.  The complaints differ from the

complaint at issue in Twombly in that the allegations here do not merely allege parallel

conduct unfavorable to competition and violative of § 1.  See 540 U.S. at 548-49.  Proof

of a § 1 conspiracy requires "evidence that tends to exclude the possibility of

independent action." Monsanto Co. v. Spray-Rite Serv. Corp., 465 U.S. 752, 768 (1984). Therefore, a complaint alleging parallel conduct must also contain allegations that place that conduct "in a context that raises a suggestion of a preceding agreement," Twombly, 550 U.S. at 557, which renders the conduct "distinct from identical, independent action." Id. at 549.

In this case, there is no uncertainty about the existence of an agreement inasmuch as many participants in the conspiracy have pleaded guilty to criminal charges. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 225 (3d Cir. 2011) (noting that in order to "adequately plead an agreement, a plaintiff must plead either direct evidence of an agreement or circumstantial evidence"). The Court therefore need not infer a conspiracy from parallel conduct. See In re Text Messaging Antitrust Litig., 630 F.3d 622 (7th Cir. 2010) (acknowledging that uncertainty in federal pleading standards exists, yet holding that the plaintiffs had satisfied their burden by alleging that text messaging providers raised prices despite falling costs because the expected response would have been to lower prices to undercut competitors).

Here, even in the absence of admitted involvement by KL Sales and Lear, the allegations are sufficient to establish that this is not an "exceptional" case appropriate for interlocutory review. At this stage of the litigation, the Court's task is limited to determining whether the complaints state "a plausible claim for relief [to] survive[ ] a motion to dismiss," not whether KL Sales or Lear actually violated § 1. The allegations advanced by Plaintiffs in their complaints nudged the claims from conceivable to plausible. This is not the bare parallel conduct case rejected by Twombly. KL Sales and Lear have failed to satisfy the second factor articulated in In re City of Memphis,

6

293 F.3d at 350,–the existence of grounds for a substantial difference of opinion as to the outcome of the issue.

Moreover, the Court recognizes that judicial economy interests weigh against an interlocutory appeal.  This multi-district litigation involves numerous other Defendants and allegations of price-fixing of numerous automotive component parts.  The Court finds that affording the appellate court the opportunity to address all of the issues at one time at the conclusion of the litigation will facilitate a speedier resolution of this matter than reviewing a portion of the litigation at this time.

Because the request for certification for interlocutory appeal is denied, the request to stay all proceedings in this matter pending resolution of the application for leave to appeal is moot.

## IV.  CONCLUSION

For the reasons stated above, KL Sales' motion and Lear's motion are **DENIED**.

**IT IS SO ORDERED.**


                              s/Marianne O. Battani
                              UNITED STATES DISTRICT JUDGE

Date:   September 6, 2013

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via the Court's ECF Filing System.

                              s/Bernadette M. Thebolt
                              Case Manager